**Ernesto Panduro DIAZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–77199.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed June 30, 2008.

Ernesto Panduro Diaz, Cuadhy, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle G. Latour, Surell Brady, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Ernesto Panduro Diaz, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") denial from his application for asylum, withholding of removal and

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

We review for substantial evidence, *Boer–Sedano v. Gonzales,* 418 F.3d 1082, 1087 (9th Cir.2005), and we deny the petition for review.

We hold that the IJ's finding that the asylum claim was not timely filed is supported by substantial evidence. The IJ found that, even if Diaz established changed circumstances, Diaz still did not file his asylum application within a reasonable time. On review of the record, a reasonable fact finder would not be compelled to find that Diaz's nearly two and a half year delay in filing was reasonable. *See Husyev v. Mukasey,* 528 F.3d 1172, 1182 (9th Cir.2008) (finding that applying 364 days after a nonimmigrant visa had expired was not reasonable to excuse a delay due to extraordinary circumstances). Moreover, the record does not compel the conclusion that extraordinary circumstances excuse the unreasonable delay in filing after the changed circumstances. *See* 8 C.F.R. § 1208.4(a)(5).

The IJ's denial of withholding of removal is supported by substantial evidence. The IJ properly found that Diaz, who was never targeted for persecution in Mexico, did not establish that there was a clear probability that he would be singled out for the persecution he claims if he were to return to Mexico. *See Hoxha v. Ashcroft,* 319 F.3d 1179 (9th Cir.2003); *Cf. Boer–Sedano v. Gonzales,* 418 F.3d 1082, 1090 (9th Cir.2005) (petitioner suffered incidents of past persecution and the government failed to rebut the presumption that he faced a similar threat on return).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In addition, the IJ's denial of the CAT claim is supported by substantial evidence because Diaz has not shown that it is more likely than not that he would be tortured if he returned to Mexico. *Id.* (petitioner was persecuted in the past, however, he did not demonstrate that it was more likely than not that he would be tortured if returned to Mexico).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.